UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MICHAEL GREEN,                                                          :
                                        Plaintiff,                      :
                                                                        :        13 Civ. 8671 (PAE)
              -v-                                                       :
                                                                        :        OPINION & ORDER
DISTRICT COUNCIL 1707, AMERICAN                                         :
FEDERATION OF STATE, COUNTY, AND                                       :
MUNICIPAL EMPLOYEES, AFL-CIO; and                                     :
RAGLAN GEORGE, JR.,                                                    :
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/2015

PAUL A. ENGELMAYER, District Judge:

One defendant in this case—District Council 1707, American Federation of State, County

and Municipal Employees, AFL-CIO ("DC 1707")—seeks leave to amend its Answer in order to

assert an affirmative defense to plaintiff Michael Green's claims under New York Labor Law

§ 193. For the reasons explained below, DC 1707's motion is granted.

**I.      Factual Background**

Green commenced this case by filing a Complaint on December 6, 2013, which he

amended on March 28, 2014. Dkt. 1, 18. In his Amended Complaint, Green asserts 16 causes of

action against DC 1707 and its former Executive Director Raglan George, Jr. Dkt. 18 ("Am.

Compl."). Two claims allege that the defendants violated the New York Labor Law ("NYLL")

by failing to pay Green (1) severance and (2) unused vacation pay upon his termination. *Id.* On

April 17, 2014, defendants moved to dismiss Green's Amended Complaint. Dkt. 21. This Court

granted the motion; it dismissed Green's federal discrimination claims and declined to exercise

supplemental jurisdiction over Green's state law claims. Dkt. 31. On April 17, 2015, the Second

Circuit affirmed in part and vacated and remanded in part.  Dkt. 37.  Relevant here, the Circuit vacated the dismissal of Green's federal race discrimination claims, as well as his state law claims insofar as the Court declined to exercise supplemental jurisdiction.  *Id.*  After the mandate issued, this Court scheduled an initial pretrial conference for June 8, 2015.  Dkt. 40.  On June 3, 2015, DC 1707 filed an Answer to the Amended Complaint, asserting 14 affirmative defenses.  Dkt. 46.  On June 8, 2015, at the initial pretrial conference, the Court approved the parties' Civil Case Management Plan and Scheduling Order.  Dkt. 49.  This Scheduling Order sets October 8, 2015 as the deadline for fact discovery, and provides that motions to amend the pleadings require leave of the Court and must be made by July 8, 2015.  *Id.*

On July 8, 2015, DC 1707 moved to amend its answer, and filed a memorandum of law and declaration in support of its motion.  Dkt. 53–55.  DC 1707's declaration contains its proposed Amended Answer.  *See* Dkt. 55, Ex. A.  To date, Green has not filed any opposition to DC 1707's motion.

## II.      Applicable Legal Standards

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend a pleading] when justice so requires."  *See also, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").  Leave to amend is generally granted in the absence of factors such as bad faith, undue delay, prejudice to the opposing party, or futility of amendment.  *Id.*; *accord Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).  Delay alone, in the absence of bad faith or prejudice, is usually not a sufficient reason for denying a motion to amend.  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir. 1995).  Leave to amend may be appropriate

at any stage of litigation. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Pro. § 1488 at 652–57 (2d ed. 1990)). The non-moving party has the burden to show any prejudice of the proposed amendment. *See, e.g.*, *Lamont v. Frank Soup Bowl, Inc.*, 99 Civ. 12482 (JSM) (HBP), 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000); *Herbert Constr. Co. v. Titan Indem. Co.*, No. 94 Civ. 1261 (RLC), 1996 WL 254859, at *2 (S.D.N.Y. May 15, 1996).

### III. Discussion

Applying these standards here, the Court grants DC 1707's motion to amend its Answer. As a preliminary matter, the Court notes that "[w]aiver of affirmative defense not raised in a defendant's answer is not automatic, and 'as a practical matter there are numerous exceptions.'" *Gilmore v. Gilmore*, 503 F. App'x 97, 99 (2d Cir. 2012) (summary order) (quoting *Am. Fed. Grp. v. Rothenberg*, 136 F.3d 897, 910 (2d Cir. 1998)); *accord Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003). "[W]hile an affirmative defense, including a limitations defense, may be waived under Federal Rule of Civil Procedure 8(c) if it is not set forth in a responsive pleading, any waiver would be vitiated by a court order granting leave to amend the relevant pleading." *Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*, No. 12 Civ. 5160 (KPF), 2013 WL 4526246, at *4 (S.D.N.Y. Aug. 27, 2013) (citing *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152 (2d Cir. 1968) (court may grant leave to amend an answer to assert a statute of limitations defense)). It therefore remains within the Court's discretion to grant DC 1707 leave to assert this defense. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also, e.g.*, *Zoll v. Jordache Enters., Inc.*, No. 01 Civ. 1339 (CSH), 2002 WL 485733, at *4 (S.D.N.Y. Mar. 29, 2002).

As to the specific factors bearing on the propriety of the amendment, the Court finds that all favor permitting the amendment. First, there is no evidence whatsoever of bad faith. Second, although there has been a minor delay—the five weeks between the filing of the original Answer and the filing of the proposed Amended Answer, *see* Dkt. 46, 55—this short period does not constitute *undue* delay. And DC 1707 sought leave to amend its Answer within the deadline stipulated to by the parties and approved by the Court in the Civil Case Management Plan and Scheduling Order. Dkt. 49; *see also Duling*, 265 F.R.D. at 97 (no undue delay where motion to amend was made within stipulated deadline reflected in the scheduling order).

Third, there is no indication of prejudice. In determining what constitutes prejudice, a court considers whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350 (2d Cir. 1993) (collecting cases). None of these factors is implicated here. As noted, Green has not filed any opposition to DC 1707's motion. Important here, this amendment request was made during fact discovery—indeed, only one month into fact discovery. *See* Dkt. 49. To the extent that this amendment would cause the need for *any* additional discovery, there is ample time to take such discovery. *See, e.g.*, *Affiliated FM Ins.*, 2013 WL 4526246, at *7 ("As discovery is ongoing, and trial is not anticipated to begin for several months, the amendment would not significantly delay the resolution of this case. This is not a case in which Defendants have requested, at the eleventh hour, to assert an amendment that would cause undue prejudice to Plaintiff. At this stage in the litigation, Plaintiff has ample time, in advance of trial or any dispositive motion practice, to prepare its defense."). Thus, this amendment should not delay, at all, the progress of this case. *See Krumme v. WestPoint Stevens*

*Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action.") (citation omitted).

Fourth, the proposed amendment is not futile. "If a proposed amendment seeks to add a defense, which is obviously insufficient for the purpose for which it is offered, so that the amendment will be a useless act, the court will not grant such an amendment." *Affiliated FM Ins.*, 2013 WL 4526246, at *7 (quoting *Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*, 407 F. Supp. 2d 541, 546 (S.D.N.Y. 2006)); *cf. Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Here, Green has asserted two causes of action (*see* Am. Compl. ¶¶ 90, 95) alleging that the defendants failed to pay him severance and vacation pay in violation of NYLL § 193, which provides, *inter alia*, that "[n]o employer shall make any deduction from the wages of an employee, except" those permitted by law or expressly authorized in writing by the employee for his own benefit. N.Y. Lab. Law § 193(1). The NYLL and regulations thereunder authorize only discrete types of deductions from pay, such as for Social Security and income tax. *See generally Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 935 (S.D.N.Y. 2013), *reconsideration denied* (Nov. 18, 2013).

The grounds for DC 1707's proposed statutory defenses are (1) NYLL § 193 does not apply to a claim for *unpaid wages*, but only prohibits *unauthorized deductions* from an employee's wages; and (2) even if severance and vacation pay are protected as wages for certain categories of employees, these protections do not apply to Green, because of an applicable exemption for employees "in a bona fide executive, administrative, or professional capacity" whose earnings exceed $900 per week, NYLL § 198-c(3). Dkt. 55, Ex. A, p. 15. Without expressing any view at this early stage as to the merits of these defenses, it is clear that these are

not futile arguments. *See, e.g.*, *Monagle v. Scholastic, Inc.*, No. 06 Civ. 14342 (GEL), 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007) ("Section 193 has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages.").

## CONCLUSION

For the foregoing reasons, the Court grants DC 1707's motion to amend its Answer. By **August 5, 2015**, DC 1707 shall file its Amended Answer—*i.e.*, DC 1707 shall file, as a stand-alone docket entry, the document that is currently its "Proposed Amended Answer" (Dkt. 55, Ex. A).

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 53.


SO ORDERED.


Paul A. Engelmayer
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 3, 2015
New York, New York